**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 50041-1 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| HOLLIS DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION & ORDER

Defendant Hollis Daniels moves to reduce his sentence under § 404 of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404 (2018). Because the Court finds Daniels eligible for relief under the statute and that he has shown himself deserving of such relief, the Court, in its discretion, grants his motion and reduces his custodial sentence to 240 months. All other terms of his original sentence remain in effect.

## BACKGROUND

On September 8, 2009, a grand jury charged Daniels and co-defendants with conspiracy to knowingly and intentionally distribute and possess with intent to distribute more than 1 kilogram of mixtures containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Doc. 1. In the second superseding indictment, a grand jury charged Daniels and co-defendants with conspiracy to knowingly and intentionally distribute and possess with intent to distribute more than 1 kilogram of mixtures containing heroin and more than 50 grams of mixtures containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1). Doc. 139. On July 7, 2010, Daniels pleaded guilty to Count 1 of the second superseding indictment. Doc. 308. As part of the plea, Daniels admitted that he was the sole leader and primary beneficiary of the drug trafficking organization's ("DTO") activities, and he recruited as members people who grew up with him in Chicago and relocated to Rockford. At sentencing, the court established that the

conspiracy began at least as early as July 1, 2007 and continued to September 9, 2009. Doc. 502 at 76. The amount of heroin involved in the conspiracy was 700 grams per week over the course of two years, totaling over 72 kilograms. *Id.* at 62–63. The conspiracy also sold 50 grams of crack cocaine per week, amounting to 5.2 kilograms. *Id.* at 129.

On October 4, 2010, Judge Kapala sentenced Daniels to 520 months' imprisonment. Doc. 396. The base offense level was 38. Doc. 502 at 118. The court applied a four-level enhancement because Daniels was the organizer or leader of a criminal activity that involved five or more participants and a two-level enhancement because Daniels possessed a firearm as part of the conspiracy. *Id.* at 91, 109–110. The court also applied a three-level reduction for Daniels' acceptance of responsibility. *Id.* at 128. Daniels' criminal history category was six. *Id.* at 118. After enhancements and reductions, the final offense level was 41, which indicated an advisory guidelines range of 360 months to life imprisonment. *Id.* In discussing the imprisonment term of 520 months, the court explained that Daniels' prior convictions presented a pattern of recidivism and that Daniels' criminal history category "substantially underrepresent[ed] the seriousness of [his] criminal history." *Id.* at 129.

On October 23, 2019, Daniels filed the present motion for a reduced sentence under Section 404 of the First Step Act. Daniels requests that the Court reduce his 520-month sentence to a sentence of 262 to 327 months' imprisonment. Daniels also asks the Court to reconsider the sentencing court's designation of him as a career offender. The government argues that Daniels is not eligible for relief under the First Step Act and even if he is, the Fair Sentencing Act did not alter his statutory sentencing exposure due to the quantity of drugs involved. The government also argues that the Court lacks authority to consider Daniels' other claim.

**ANALYSIS**

The Fair Sentencing Act of 2010 increased the quantity of crack cocaine required to trigger mandatory minimum sentences. Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). However, the Fair Sentencing Act was not retroactive and therefore did not impact defendants who committed acts prior to August 3, 2010. Congress addressed this in 2018 by passing the First Step Act, which made certain provisions of the Fair Sentencing Act retroactive. Pub. L. No. 111-220, 124 Stat. 2372; *United States v. Shaw*, 957 F.3d 734, 737 (7th Cir. 2020). Relevant here, the First Step Act made retroactive the Fair Sentencing Act's increase in the quantity of crack cocaine necessary to trigger § 841's penalties. Section 404(b) of the First Step Act provides, in pertinent part: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a).

Relief under the First Step Act is discretionary. *See id.* § 404(c). Therefore, there are two steps in this analysis: (1) whether the defendant is eligible for a sentence reduction under the First Step Act; and (2) whether the Court should reduce the defendant's sentence. *Shaw*, 957 F.3d at 736.

**I.      Eligibility**

Because Daniels committed the relevant offense prior to August 3, 2010, his violation satisfies the first requirement of a "covered offense" under § 404(a) of the First Step Act. The

3

parties disagree about whether the Fair Sentencing Act modified the statutory penalty. The government argues there is no "covered offense" because the amount of cocaine base exceeds the higher quantity threshold under the Fair Sentencing Act and therefore did not alter Daniels' statutory sentencing exposure. In other words, the government asks the Court to focus on Daniels' underlying conduct, rather than the underlying statute, to assess whether the Fair Sentencing Act altered Daniels' penalty range. The Seventh Circuit recently rejected the government's approach, concluding that the phrase "the statutory penalties for which were modified by section 2 or 3" refers to "Federal criminal statute," not to "a violation of a federal criminal statute." *Id.* at 738; *see also United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) ("If [a defendant] was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'"). Therefore, to determine Daniels' eligibility for relief, the Court evaluates whether the First Step Act modified Daniels' statute of conviction.

At the time Daniels was convicted and sentenced, the statutory sentence for conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base was 10 years to life. 21 U.S.C. § 841(b)(1)(A) (2006). The Fair Sentencing Act reduced the statutory penalties for 50 grams of cocaine to a lesser range of 5 to 40 years. *Id.* § 841(b)(1)(B). Under current law, 280 grams of cocaine base is necessary to subject a defendant to the higher, 10-year statutory minimum. *Id.* § 841(b)(1)(A). Accordingly, the Fair Sentencing Act modified the statutory penalty for Daniels' offense of conviction, thus, there is a "covered offense" for purposes of the First Step Act. *Shaw*, 957 F.3d at 739–40 (defendants eligible to seek relief under the First Step Act because the Fair Sentencing Act modified the penalties for crack cocaine); *United States v. Taylor*, No. 04 CR 495-38, 2020 WL 2476529, at *3 (N.D. Ill. May 13, 2020) (same).

The Seventh Circuit has not yet addressed whether a defendant is eligible for a reduced sentence under the First Step Act when he is charged with a conspiracy to distribute crack cocaine and another controlled substance and, as here, the distribution of that other controlled substance alone provides a basis for upholding his sentence. *See Taylor*, 2020 WL 2476529, at *4. However, many district courts have concluded that the defendant's offense is still covered in such circumstances. *See, e.g.*, *id.* ("Numerous district courts have, however, decided that a defendant's offense is still "covered" within the meaning of section 404(a) of the First Step Act when the defendant was convicted of a multiple-objective conspiracy."); *see also United States v. Coates*, No. 04 CR 464-4, 2020 WL 2745974, at *2 (N.D. Ill. May 27, 2020) (the defendant's offense was still covered when it involved both heroin and powder cocaine); *United States v. Mitchell*, No. 06 CR 723-2, 2020 WL 1139245, at *3 (N.D. Ill. Mar. 9, 2020) (finding conspiracy conviction a covered offense when the defendant was charged with heroin and crack cocaine); *United States v. Luna*, No. 3:05-CR-58 (SRU), 2020 WL 464778, at *3–4 (D. Conn. Jan. 29, 2020) (collecting cases). This Court agrees. The Fair Sentencing Act modified the statutory penalties for crack cocaine, and the statute of conviction, not the underlying conduct, determines eligibility. *See Shaw*, 957 F.3d at 739 ("[T]he statute of conviction alone determines eligibility for First Step Act relief."). Because the Fair Sentencing Act modified the statutory penalties for the statute of conviction, Daniels is eligible for relief.

**II. Relief**

The Court must now decide whether to exercise its discretion to reduce Daniels' sentence. In determining whether a sentence reduction is warranted, the Court considers the § 3553(a) factors. *United States v. Mansoori*, 426 F. Supp. 3d 511, 519 (N.D. Ill. 2019). "Evidence of post-sentencing rehabilitation 'may be highly relevant to several of the § 3553(a)

5

factors that Congress has expressly instructed district courts to consider at sentencing.'" *Id.* (quoting *Pepper v. United States*, 562 U.S. 476, 491 (2011)). Daniels does not put forth any evidence of post-sentencing rehabilitation. The Court notes that Daniels was sentenced as a career offender, and while previously incarcerated, Daniels communicated with co-conspirators to run the day-to-day operations of the DTO. Doc. 502 at 129. The sentencing court concluded that 520 months of imprisonment was appropriate after finding Daniels responsible for distributing more than 700 grams of heroin and 50 grams of crack cocaine per week, over the course of two years, as part of the conspiracy.[1] *Id.* at 129, 132. The Bureau of Prisons' webpage lists Daniel's release date as September 24, 2046. Accordingly, Daniels has roughly 26 years of his sentence remaining. The Court remains sensitive to the considerations that supported Daniels' original sentence: recognition of the seriousness of the offense, the seriousness of Daniels' criminal history, and the desire to avoid unwarranted sentencing disparities. The Court also acknowledges that Daniels was the leader of the DTO. There has been no change to the advisory guidelines range of 360 months to life imprisonment nor the § 841 mandatory minimum of 10 years. However, the Court finds a sentence of twice the mandatory minimum appropriate based on Daniels' age and limiting the disparity given the reduced sentences imposed by the Court on Daniels' co-defendants. If the Court reduces Daniels' sentence to twice the statutory mandatory minimum, Daniels will be approximately 54 years old upon his release, an age when recidivism is less likely. *See Taylor*, 2020 WL 2476529, at *6 (recidivism less likely for a 52-year-old defendant); *Mansoori*, 426 F. Supp. 3d at 519 (recidivism at the age of 59 is "far less likely").

---

[1] The sentencing court calculated this amount as 72 kilograms of heroin, Doc. 502 at 63, and based on this Court's calculations, 5.2 kilograms of cocaine base were distributed during the conspiracy.

The government contends that Daniels should not receive a "windfall" unavailable to other defendants prosecuted for the same conduct after the enactment of the Fair Sentencing Act. But this Court will not assume that the government could have indicted Daniels for a greater drug quantity, and the Court is not persuaded that any potential disparities should prevent relief here. *See, e.g.*, *United States v. McMahan*, No. 04 CR 423-2, 2020 WL 1904095, at *5 (N.D. Ill. Apr. 17, 2020) ("the government asks the court to keep [the defendant] in prison based on a hypothetical" that reducing his sentence would result in a windfall); *Mansoori*, 426 F. Supp. 3d at 518–19 ("The Court will not assume that any defendant could have been indicted on a greater drug quantity."); *United States v. Wright*, No. 03 CR 362-2, 2019 WL 3231383, at *3 (N.D. Ill. July 18, 2019) ("Nor does the Government's argument as to potential sentencing disparities change the Court's analysis."). Additionally, this Court has reduced the sentences of Daniels' co-defendants, supporting a reduced sentence for Daniels because they were convicted of the same offenses arising out of the same DTO. Accordingly, the Court finds a reduced sentence of 240 months "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

**III.    Career Offender Designation**

Daniels also asks the Court to re-evaluate the sentencing court's designation of him as a career offender. It appears that Daniels also raised this argument before the sentencing court. Doc. 378; Doc. 509 at 110–11. The government argues that the Court has no statutory basis to consider this claim. Although the Court may evaluate a change to a defendant's career-offender status in evaluating the sentence imposed, Daniels does not bring such a claim here. In *Hudson*, the Seventh Circuit explained that "[t]he First Step Act does not prevent the court from considering [a change to a defendant's career-offender status] when deciding whether the

7

sentence imposed is 'sufficient, but not greater than necessary,' under 18 U.S.C. § 3553(a)." *United States v. Hudson*, No. 19-2075, 2020 WL 4198333, at *5 (7th Cir. July 22, 2020). There, the sentencing court designated the defendant as a career offender based on a residential-burglary conviction that was subsequently removed from the list of crimes that led to a career-offender designation. *Id.* The Seventh Circuit explained that the defendant would not be a career offender under the current guidelines and a court could consider this change in evaluating the appropriateness of the sentence under the First Step Act. *Id.* Here, however, Daniels does not argue that he no longer qualifies as a career offender based on a subsequent change to the guidelines. Instead, Daniels challenges the sentencing court's conclusion that he qualified as a career offender based on his underlying convictions. Specifically, Daniels challenges the sentencing court's consideration of a gun charge of which Daniels argues he was never convicted and a drug offense from 1993. Such challenges are more appropriately raised on direct appeal. Additionally, a defendant may have grounds to move a court to vacate, set aside, or correct a sentence under § 2255. 28 U.S.C. § 2255(a). Even if that is what Daniels purports to do here, any such motion is untimely. There is a one-year statute of limitations for a defendant's § 2255 motion, and the typical starting point is from the date on which the judgment of conviction becomes final; Daniels did not indicate that any of the other options for when the statute of limitations starts to run apply to his case. 28 U.S.C. § 2255(f)(1). Daniels is well beyond this one-year limitation. Therefore, the Court denies Daniels' request to reconsider his designation as a career offender.

## CONCLUSION

The Court grants Daniels' motion for a reduced sentence under Section 404 of the First Step Act [930]. The Court orders that Daniels' sentence be reduced to 240 months. The Court leaves all other conditions of his sentence intact.

Dated: September 24, 2020

                                                  SARA L. ELLIS
                                                  United States District Judge