UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
|         Plaintiff, | ) | |
| v. | ) | No. 09 CR 50041 |
| | ) | Judge Iain D. Johnston |
| Hollis Daniels, | ) | |
|         Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Hollis Daniels has filed a motion under the First Step Act of 2018 seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on his health and the COVID-19 pandemic. For the reasons that follow, Mr. Daniels' motion [996] and supplemental motion [1035] are denied.

**BACKGROUND**

Mr. Daniels pleaded guilty to one count of conspiracy to possess with the intent to distribute and to distribute more than one kilogram of heroin and more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. At sentencing, Judge Kapala, who has since taken inactive senior status, accepted the probation officer's calculations that Mr. Daniels' offense involved 72 kilograms of heroin, 5.2 kilograms of crack cocaine, that his resulting total offense level was 41, and that when combined with his criminal history category of VI, which yielded a sentencing range under the advisory U.S. Sentencing Guidelines of 360 months to life. Dkt. 502 at 118. On October 4, 2010, Judge Kapala sentenced Mr. Daniels to 520 months' imprisonment. Dkt. 396. On appeal, Mr. Daniels argued that Judge Kapala had miscalculated his drug quantity, but the Seventh Circuit affirmed. *United States v. Block*, 705 F.3d 755 (7th Cir. 2013).

On October 23, 2019, Mr. Daniels filed a motion under § 404(b) of the First Step Act of 2018 for a sentence reduction based on retroactive changes to sentences for offenses involving crack cocaine. Dkt. 930. Judge Ellis, who inherited the case from Judge Kapala, granted the defendant's motion and reduced his sentence from 520 months' imprisonment to 240 months'. Dkt. 982.

Mr. Daniels has now filed a motion under a different provision of the First Step Act seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based upon the increased risk of severe illness from COVID-19. Dkts. 996, 1035. Upon the reassignment of this case from Judge Ellis, the Court assigned the federal defender to assist Mr. Daniels, and the federal defender filed a supplement to the *pro se* motion. As always, the Court thanks the federal defender for the assistance with this case. In his filings, Mr. Daniels offers the following argument in favor of a sentence reduction under the Act: he suffers from congestive heart

failure, uncontrolled hypertension, and morbid obesity, and is therefore at an increased risk of severe illness from COVID-19.

## ANALYSIS

Under the First Step Act, a court may reduce a defendant's sentence based on a motion by either the director of the Bureau of Prisons or by the defendant himself. 18 U.S.C. § 3582(c)(1)(A). A reduction under § 3582(c)(1)(A)(i) may be based only on "extraordinary and compelling reasons" and must take into account the sentencing factors set out at 18 U.S.C. § 3553(a). Any reduction based on a motion brought by the director of the Bureau of Prisons must also comply with the applicable policy statements found at U.S.S.C. § 1B1.13, but the policy statements do not control motions brought by the defendant. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Before filing such a motion, a defendant must first ask his warden to seek a reduction on his behalf and either exhaust all administrative remedies if the request is declined, or wait 30 days after making the request, whichever comes first. 28 U.S.C. § 3582(c)(1)(A). It is undisputed that Mr. Daniels exhausted his administrative remedies before filing his motion under the First Step Act. Dkt. 1037 at 11.

Mr. Daniels contends that that he is entitled to early release because of his increased health risks due to COVID-19. The Court prefaces this discussion with the recognition that it, as well as the rest of the world, is still learning about the virus and therefore, is making its best judgments based upon the information that is currently available. According to his supplemental motion, Mr. Daniels currently suffers from morbid obesity. Dkt. 1035 at 7. The supplemental motion notes that in the past Mr. Daniels has also suffered from congestive heart failure and uncontrolled hypertension. *Id.* According to the Centers for Disease Control, all of these conditions increase the risk for severe illness from the virus that causes COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 9, 2021). The Court notes that Mr. Daniels has already recovered once from a COVID-19 infection.

However, according to the prison medical records that Mr. Daniels submitted, he has been fully vaccinated against COVID-19 since March 23, 2021, when he received his second Pfizer vaccine. Dkt. 1036 at 159. As the Seventh Circuit recently recognized, "[v]accinated prisoners are not at greater risk of COVID-19 than other vaccinated persons," which for the vast majority of prisoners "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, No. 20-2906, 2021 U.S. App. LEXIS 21580 (7th Cir. July 21, 2001). Mr. Daniels is distinguishable from the prisoner in *Broadfield* in one sense: the prisoner in *Broadfield* did not have medical conditions that put him at a greater risk of complications from COVID-19, whereas it is undisputed that Mr. Daniels is morbidly obese, which does increase his risk of severe illness. It is not entirely clear from the CDC whether even fully vaccinated persons with underlying conditions are still at a greater risk of complications. According to the CDC's website, persons with weakened immune systems "should continue to take all precautions recommended for unvaccinated people," but for persons with other underlying conditions the CDC merely states that such persons "might choose to wear a mask" even after being fully vaccinated. https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last visited August

9, 2021). Mr. Daniels' motion does not address whether he is able to wear a mask if he chooses. According to the Bureau of Prisons' website, his current facility, Gilmer FCI, reports no active cases of COVID-19 among either inmates or staff. *See* https://www.bop.gov/coronavirus/index.jsp (last visited August 9, 2021)

However, even assuming that despite being fully vaccinated, his underlying conditions still create a greater risk of complications from COVID-19 and thus present an extraordinary and compelling reason for a sentence reduction, the Court must also take into account the sentencing factors set out at 18 U.S.C. § 3553(a). Under 18 U.S.C. § 3553(a), the court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing, which are the following:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from future crimes by the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2). To those ends, the court must take into account the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

. . .

(3) the kinds of sentence available;
(4) the kinds of sentence and the sentencing range established [under the Sentencing Guidelines];
(5) any pertinent policy statement [in the Sentencing Guidelines];
(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1-7).

According to his PSR, Mr. Daniels' offense was a very serious one. He was involved in a conspiracy to distribute large quantities of dangerous controlled substances in the community, including 72 kilograms of heroin and 5.2 kilograms of crack cocaine. Dkt. 1016 at 9. Mr. Daniels' role in the offense was also very serious as he headed the entire operation, was involved in all of the decisions, and communicated daily with codefendants, even while he himself was incarcerated. *Id.* at 4. Adding to the seriousness of his offense and the danger presented by his operation, Mr. Daniels' admitted he "had a bunch of guns," and would "give everybody a gun if they want one for protection." *Id.* at 7. The Court also takes into account Mr. Daniels' significant criminal history which includes his involvement in other drug conspiracies dating back to when he was 17 years old, all of which yielded a criminal history category of VI.

The Court notes Mr. Daniels' achievements while incarcerated. In May 2015 he earned his GED. Dkt. 1035 at 12. He has also successfully completed several courses offered at his facility. *Id.* at 11, 13-14; Dkt. 1011 at 3. However, at the same time he has had multiple disciplinary hearings for prohibited conduct including for possessing drugs or alcohol, refusing to obey orders, lying or falsifying a statement, and being insolent to staff. Dkt. 1011 at 4. The Court also notes that based on Mr. Daniels' projected release date of November 4, 2026, he will be 51 when he completes his incarceration and will presumably present less of a risk of recidivism due to his age. *See* https://www.bop.gov/inmateloc/ (last visited August 9, 2021). But Judge Ellis already accounted for any reduced risk of recidivism when reducing his original sentence of 520 months to the current 240-month sentence. Dkt. 982.

On balance, the Court finds that the sentencing factors under § 3553(a) do not favor a further reduction to his sentence. Accordingly, even if he remains at risk of serious complications if he were to contract COVID-19 again despite being fully vaccinated, his motion for a sentence reduction is nevertheless denied because on balance, the sentencing factors under § 3553(a) do not favor a reduction to his sentence.

## CONCLUSION

For the reasons given, Mr. Daniels' motions for a sentence reduction under the First Step Act [996] and [1035] are denied. The clerk is directed to enter judgment and terminate this case.

Date: August 10, 2021     By:  _____
                              Iain D. Johnston
                              United States District Judge